IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BOBBY EARL KEYS,                                                            PETITIONER

V.                                                                    NO. 3:93CR154-D

UNITED STATES OF AMERICA,                                                   RESPONDENT

## ORDER DENYING REQUEST TO FILE SUCCESSIVE PETITION

Petitioner in a trial by jury was convicted on January 25, 1994, of armed bank robbery and a weapons charge. He filed a motion for judgment notwithstanding the verdict, and a motion for a new trial, both of which were denied on March 28, 1994. He was sentenced on April 1, 1994, to mandatory terms of imprisonment of 90 months on the bank robbery charge and 60 months on the weapons charge, to be served consecutively. He also was sentenced to a period of supervised release, ordered to pay restitution, and was given a special assessment. He filed notice of appeal on April 7, 1994, and the United States Court of Appeals for the Fifth Circuit [hereinafter, Fifth Circuit] affirmed the conviction and sentence on January 5, 1995. Petitioner then filed for a writ of certiorari to the United States Supreme Court, which denied certiorari on March 21, 1995.

Petitioner then filed a motion for a new trial, based on newly discovered evidence; a motion for release on bail; a writ of error *coram nobis*; a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255; a motion to file a second § 2255 petition; a motion to compel discovery; a motion to quash or dismiss the indictment; and several other motions. All were

denied on June 17, 1998.  Petitioner then appealed this action and the appeal was denied by the Fifth Circuit on October 12, 1999.

Petitioner on August 26, 1999, filed a motion to correct an illegal sentence pursuant to Rule 35(A), Title 18, and on September 29, 1999, filed another § 2255 motion.   The motion for a successive petition was transferred to the Fifth Circuit, which denied the motion on November 29, 1999.  The motion to correct an illegal sentence was denied on February 11, 200, as was his motion filed on January 18, 2000, for extraordinary relief under the All Writ Act.  The appeal of these denials was affirmed by the Fifth Circuit on September 26, 2000.

Petitioner on September 1, 2000, moved to file a successive § 2255 motion based on the cases of *Apprendi v. New Jersey*, 530 U. S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999).  The motion was transferred to the Fifth Circuit and was denied on January 22, 2001.  Petitioner on May 17, 2001, moved for sentence reduction pursuant to 28 U.S.C. § 3582(c)(2), and on August 31, 2001, moved for permission to file a motion dealing with the petitioner purportedly rendering substantial assistance.  Both motions were denied.

The Fifth Circuit on October 12, 1999, issued a sanction warning to petitioner, and on September 26, 2000, imposed a sanction against him barring any future filings by petitioner without him first obtaining the written permission of a judge of the forum court.  Judge Senter, who had presided over petitioner's criminal trial, had on February 11, 2000, issued a similar bar letter.

On September 25, 2002, this court denied petitioner's request to file a "Motion to Set Aside Judgment in Light of *Ramdass v. Angelone*, 530 U.S. 156 (2000), *Williams v. Taylor*, 529 U.S. 362 (2000), and *Weeks v. Angelone*, 528 U.S. 225 (2000"); as well as a motion to file for a certificate of reasonable doubt concerning the firearm charge of which he was convicted. On October 2, 2002, the court denied petitioner's request to file a motion for a preliminary injunction and a motion to file an *in forma pauperis* interlocutory appeal.  On October 22, 2002, the court

denied petitioner's request to file a "Motion to Vacate the Restitution Judgment in Light of 18 U.S.C. 3663(F)(2)(A)."

On September 19, 2002, petitioner filed a pleading in the United States District Court for the Southern District of Florida, styled as a motion pursuant to 28 U.S.C. § 2241. On September 25, 2002, that court transferred the case to the Northern District of Mississippi, on the grounds that it was a § 2255 motion to vacate, set aside, or correct the sentence pertaining to petitioner's conviction in this jurisdiction.

This court on November 27, 2002, denied petitioner's request to file a successive petition. Before the court are two motions (docket entries 153 and 154) asking for permission to seek judicial review once again of petitioner's sentence, this time "in light of the United States Supreme Court recent decision in Blakely, Booker, and Fanfan."

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214), which was signed into law on April 24, 1996, provides at 28 U.S.C. § 2255(b)(3)(A) that "a second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain - (1) newly discovered evidence ... and (2) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." There is no indication whatsoever that Petitioner has received such certification from the court of appeals. Therefore, this motion must be **denied** pending appropriate certification by the United States Court of Appeals for the Fifth Circuit.

SO ORDERED:

THIS the 18th day of April, 2005.

/s/ Glen H. Davidson
CHIEF JUDGE